## E. S. Pryor *v.* Commonwealth, for Lindsey.

**Clerks of Courts—Wrongful Issuance of Execution—Liability—Measure of Damages.**

The appellant as clerk issued a second execution on a judgment, at the instance of another party, notwithstanding the first one had been returned satisfied, as shown by the records of his office, held, that where it is not shown that the clerk acted corruptly, he is only liable for the actual damages sustained by reason of his wrongful act.

**Same.**

The party who procured the execution to issue, and who received the amount collected is primarily responsible; but if he is insolvent the clerk is liable for the entire amount improperly collected.

APPEAL FROM HENRY CIRCUIT COURT.

January 6, 1871.

Opinion of the Court by Judge Williams:

Robinson recovered a judgment against the appellee, J. S. Lindsey, for a balance on a debt amounting, with interests and costs, to about one hundred and ten dollars. Lindsey by his petition, claims that execution issued on said judgment sometime during the year 1863, and that he paid off and satisfied the same, and took the sheriff's receipt therefor. That afterwards another execution was issued on the same judgment and placed in the hands of Berryman, a deputy sheriff which was paid off and satis-

fied without his knowledge by his brother and agent, who resided in Henry county. The appellee being at the time a resident of Bourbon county, this execution he alleges was returned satisfied.

He charges that after all this the defendant Pryor who was the clerk of Henry Circuit Court issued a third execution on this judgment, and sent the same to the sheriff of Bourbon county, and that he was compelled to pay said execution and thereby satisfy the judgment the third time. He alleges that he had lost the receipt of the sheriff to whom he had paid the amount of the first execution, and that he was at the time ignorant of the fact that his brother had previously paid off and satisfied the second.

This action was brought against Pryor upon his official bond to recover the amount last paid, Lindsey claiming that he violated the conditions of his said bond by issuing the last execution.

Pryor answered denying all liability. The evidence substantially sustained all the allegations of Lindsey's petition, but it was shown by Pryor, that the father and administrator of the deputy sheriff Berryman, claimed that the execution returned satisfied by his son, had not in fact been paid by Lindsey or his agent but by the deputy himself to the plaintiff, and that by reason thereof he as administrator of his said son, was the beneficial owner of the judgment, and that the last execution was issued at his instance, and under the advice of counsel.

Upon this state of facts the court instructed the jury, in effect, that if the records of his office showed that the execution in favor of Robinson v. Lindsey had been satisfied that Pryor had no right to issue the last excution, and that if the same was issued and Lindsey was compelled to pay it, the clerk and his sureties were liable for the amount so paid, with interest from the time of judgment.

By this instruction which is not modified by any other given, the liability of Pryor is made to depend upon the existence of but three facts. 1st, that the records of the clerk's office showed that the execution in favor of Robinson was paid in full. 2nd, that Pryor issued the last execution. 3rd, that Lindsey was compelled to pay the same.

The records of the office might have shown that the execution was paid, when in point of fact it was not. The return of the execution satisfied was evidence of the fact of payment, but if

the return was a mistake, it could have been corrected by the court in a proper proceeding, and another execution issued. The clerk, it is true, had no right to disregard this return, but if he did, and Lindsey was thereby compelled to pay, a debt which in good conscience he ought to have paid and which the law would have compelled. him to pay, he was not thereby damaged to the amount of the debt so paid. Again although Pryor did issue the last execution and Lindsey was thereby compelled a second time to pay the debt, it does not necessarily follow that the amount of the execution is the measure of the damages for which Pryor is responsible. It is not shown that Pryor acted corruptly, he is therefore only responsible for the actual damage Lindsey sustained by reason of his acts as clerk. As Lindsey who certainly knew that the first execution had been paid neither attempted to quash the last execution nor to enjoin its collection, we are inclined to regard the party who wrongfully procured the execution to be issued, and who received the amount collected thereon as primarily liable to him. If he is insolvent, then Pryor is liable for the entire amount improperly collected; if not, then he is only responsible for the expense incurred, and the loss sustained by Lindsey in recovering from Berryman, the amount improperly collected by him on the execution.

The instruction under consideration wholly fails to conform to this view of the law. Wherefore the judgment against Pryor is reversed and the cause remanded for further proceedings consistent with this opinion.

*Webb & Barbour, for appellant.*

*Montfort, for appellee.*